FILED

2010 JUL 6 PM 2 09

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

CITIZENS SAVINGS BANK &
TRUST COMPANY,

Plaintiff,

vs.

TERRENCE WELLMAN a/k/a,
TERRY WELLMAN d/b/a WAR
BONNET INN,

Defendant.

No. CV 09-72-GF-SEH

MEMORANDUM AND
**ORDER**

## INTRODUCTION

Plaintiff Citizens Savings Bank & Trust Company (Citizens) in this action

seeks recognition and enforcement of a Tribal Court mortgage foreclosure

judgment against Defendant, Terrence Wellman a/k/a Terry Wellman d/b/a War

Bonnet Inn (Wellman).[1] The matter first arrived in this Court in 2006 "following

---

[1]An alternative claim for declaratory judgment is also pleaded.

-1-

an extended and tortuous journey through the Blackfeet Tribal Courts." *Citizens State Bank & Trust Company v. Terrence Wellman a/k/a Terry Wellman d/b/a War Bonnet Inn*, CV-06-104-GF-SEH, Doc. No. 31. At that time, the Court ruled the Blackfeet Tribal Court's judgment was not final, and dismissed without prejudice to refiling if and when the tribal court judgment became final.

The matter has returned following another sojourn through the Blackfeet Tribal Courts. Jurisdiction is invoked, *inter alia*, under 18 U.S.C. § 1332.[2] Both parties have moved for summary judgment on agreed facts.

## BACKGROUND

On March 9, 2000, Citizens instituted a mortgage foreclosure proceeding against Wellman in the Blackfeet Tribal Court. Judgment was entered in favor of Plaintiffs on December 31, 2001. Sale of the mortgaged property, War Bonnet Inn, was ordered. Wellman appeal. On March 16, 2005, the Blackfeet Court of Appeals affirmed the judgment and ordered foreclosure sale to proceed without further delay. Sale was carried out on May 31, 2005. Citizens purchased the property.

On June 13, 2005, the Blackfeet Tribal Business Council (Council), through

---

[2] Plaintiff is a Tennessee corporation with its principal place of business in Tennessee. Defendant is a Montana citizen. The amount in controversy exceeds $75,000.

Resolution E2005-111, stepped in and stayed foreclosure proceedings. Citizens then brought the original, and later dismissed, action for recognition and enforcement in this Court. Dismissal was grounded in unresolved issues raised by the Council's stay.

On December 15, 2008, the Council passed Resolution 85-2009 which rescinded Resolution E2005-111, declared the Council's recognition of the Judgment entered by the Tribal Court and affirmed by the Blackfeet Court of Appeals as final, and lifted any stay placed on the May 31, 2005 sale of the War Bonnet Inn. The present action was commenced on August 12, 2009.

## DISCUSSION

The Ninth Circuit has concluded, as a general principle, federal courts should recognize and enforce tribal judgments by synthesizing traditional elements of comity with special requirements of Indian law. *Wilson v. Marchington*, 127 F.3d 805, 810 (9th Cir. 1997). This case now qualifies for such recognition and enforcement.

Fundamental to invocation of this Court's jurisdiction to enforce any tribal monetary judgment is that the tribal judgment be final. Tribal remedies must be exhausted. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15 (1987); *Selam v. Warm Spring Tribal Correctional Facility*, 134 F.3d 948, 953 (9th Cir. 1998). The record

-3-

of proceedings in the Blackfeet Tribal system demonstrates the Tribal Court has

entered a final judgment, the Blackfeet Court of Appeals has affirmed the

judgment, the foreclosure sale of the property has been executed, and both the

judgment and sale have been recognized by the Blackfeet Tribal Business Council.

By any assessment or reasonable interpretation the judgment is final.

Neither authority of the tribal judge who reached and entered judgment nor

validity of the Tribal judgment is open to collateral attack in this Court.

Procedures for addressing intra Tribal issues are uniquely matters of tribal self-

government over which this Court has no jurisdiction and into which it may not

venture. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 53 (1978)(federal courts

lack jurisdiction to adjudicate intra-tribal disputes affecting matters of tribal self-

government); *Kiowa Tribe of Okla. v. Manuf. Technologies, Inc.*, 523 U.S. 751,

763 (1998). The appointment of tribal judges and the authority of tribal judges is

precisely the exercise of self-government this Court lacks jurisdiction to hear.

This Court recognizes, under accepted principles of comity, the Blackfeet

Tribal Court's mortgage foreclosure judgment, the foreclosure sale, and purchase

of the property by Plaintiff. Final enforcement of the judgment requires Wellman

acknowledge and accept that he hand over possession of the War Bonnet Inn

property to Plaintiff.

-4-

## ORDER

1.      Plaintiff's Motion for Summary Judgment[3] is GRANTED.

2.      Defendant's Motion to Dismiss or for Summary Judgment[4] is

DENIED.

3.      Defendant shall surrender possession of the property to Plaintiff on or

before July 30, 2010.

4.      Upon failure or refusal of Defendant to surrender possession as

ordered in Paragraph 3. Plaintiff may apply for writ of assistance and such other

and further relief as may be appropriate and necessary.

DATED this  6  day of July, 2010.

SAM E. HADDON
United States District Judge

---

[3]Doc. No. 17.

[4]Doc. No. 14.